DAVID ZEUNERT, Indiv. and d/b/a David Zeunert and Associates, Plaintiff-Appellant, v. QUAIL RIDGE PARTNERSHIP *et al.*, Defendants-Appellees.

First District (1st Division)    No. 80-2789

Opinion filed December 14, 1981.

Law Offices of Robert E. Zeitner and Andrew W. Pipitone, of Chicago, for appellant.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Edward J. Zulkey, and Donald B. Bruns, of counsel), for appellee Thomas J. Ellefson.

JUSTICE GOLDBERG delivered the opinion of the court:

This appeal involves one aspect of litigation brought by David Zeunert, individually, and doing business as David Zeunert and Associates (plaintiff), against Quail Ridge Partnership, a partnership, Curtis Brink, Paul E. Magnuson, Thomas J. Ellefson and Raymond Dryer, doing business as Quail Ridge Partnership (defendants). Plaintiff seeks reversal of an order quashing personal service of summons in the State of Wisconsin upon the defendants Thomas J. Ellefson and Paul E. Magnuson. No brief has been filed in this court by defendant Magnuson.

Plaintiff is an architect doing business in Illinois. In count I of plaintiff's complaint, against all of the defendants, plaintiff alleged the four named individuals were partners doing business as Quail Ridge Partnership. It is alleged plaintiff met with three of the defendants in Wisconsin about March 20, 1979. Defendants represented that the partnership had purchased Wisconsin land for development of a Federally funded housing project. The defendants informed plaintiff they desired to employ him as architect for the entire project. Defendants agreed to follow Federal guidelines for plaintiff's fees.

Plaintiff also alleged that about May 21, 1979, plaintiff met with defendant Curtis Brink in plaintiff's office in Chicago. Plaintiff was

"informed by Brink to proceed with" the project. About May 30, 1979, plaintiff "contacted" defendant Magnuson. Plaintiff was told the project was not proceeding and plaintiff should bill defendants for his services to date. The complaint prayed damages of $44,736 for architectural services.

The pertinent facts appear from the motions and the affidavits filed by defendants Ellefson and Magnuson in support of their motions to quash service of summons and responses thereto together with affidavits filed by plaintiff.

Ellefson stated under oath that he has been a resident of Wisconsin for 31 years. He met with plaintiff in Wisconsin on March 20, 1979. He had no other or further contact with plaintiff. The meeting concerned a housing project in Wisconsin. Ellefson entered into no agreement with plaintiff and never agreed to pay plaintiff for services. Ellefson had no prior or subsequent contact with plaintiff. Ellefson had no contact or correspondence with plaintiff in Illinois. Ellefson also stated he was never a partner and was never involved in Quail Ridge Partnership.

Defendant Magnuson stated under oath he was in his office in Wisconsin in late February or early March 1979. Plaintiff called him there and asked about a proposed housing project in Wisconsin. Magnuson met with plaintiff in Wisconsin on March 20, 1979, and again on April 30, 1979. Magnuson received one telephone call in Wisconsin from plaintiff after April 30, 1979. He entered into no written or verbal agreement with plaintiff and never agreed to pay plaintiff for services. Magnuson never sent or received correspondence from plaintiff other than proposed copies of minutes of the meeting held in Wisconsin on March 20, 1979. Magnuson is not a resident of Illinois, never made agreements in Illinois and never conducted business in Illinois. He never was a partner in Quail Ridge Partnership and no partnership was ever established regarding the proposed housing project in Wisconsin.

Plaintiff filed an affidavit in which he stated he met with Brink, Magnuson and Ellefson on March 20, 1979, in Wisconsin. He told them he was a licensed architect and exhibited some of his work. The three defendants told him they were partners who owned land in Wisconsin. They wished to employ plaintiff's services as an architect for a housing project. The name of their partnership was Quail Ridge Partnership. Another meeting in Wisconsin was held on April 23, 1979, with defendants Brink and Magnuson. Both "indicated" to plaintiff that they were accepting the work plaintiff had done. Plaintiff also met at his offices in Illinois with defendant Brink. Brink did not deny existence of the partnership. Brink "indicated" that "he was accepting the work" plaintiff had performed "for the partnership." Brink told plaintiff the fees would be paid.

Plaintiff also stated about May 30, 1979, he called Magnuson who told

him the partnership had given up the option on the land and he should bill the partnership for work to date. All work by plaintiff, such as on drawings or plans, was performed in plaintiff's office in Chicago.

An additional affidavit was filed by defendant Ellefson. This affidavit included a copy of proposed minutes of the Wisconsin meeting held March 20, 1979, prepared by plaintiff, unsigned by any of the parties. It appeared from these proposed minutes that plaintiff stated a retainer would necessarily be negotiated regarding payment for his services. The affidavit states no retainer was ever agreed upon and no other agreement was reached. Defendant Ellefson never entered into any partnership agreement with any of the other defendants.

This appeal involves only the order entered by the trial judge on May 28, 1980, quashing service and dismissing the case for lack of jurisdiction as regards defendants Ellefson and Magnuson and a subsequent order denying the motion of plaintiff to vacate and reconsider this order.

Discussion of the legal problems created by these facts must commence from examination of the pertinent statute (Ill. Rev. Stat. 1979, ch. 110, par. 17):

"(1) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

(a) The transaction of any business within this State;

(b) The commission of a tortious act within this State; * * *."

It is undisputed that plaintiff was at all times doing business in the State of Illinois. Defendants Ellefson and Magnuson were residents of the State of Wisconsin. Thus, the issue, generally speaking, is whether these defendants have transacted business within the State of Illinois so as to bring themselves within the jurisdiction of the State in accordance with the statute. Many cases have considered the application of this statute. In *Connelly v. Uniroyal, Inc.* (1979), 75 Ill. 2d 393, 402, 389 N.E.2d 155, *cert. denied* (1980), 444 U.S. 1060, 62 L. Ed. 2d 738, 100 S. Ct. 992, the court cited with approval the following statement from *Nelson v. Miller* (1957), 11 Ill. 2d 378, 389, 143 N.E.2d 673:

" 'Sections 16 and 17 of the Civil Practice Act reflect a conscious purpose to assert jurisdiction over nonresident defendants to the extent permitted by the due-process clause.' "

The next problem is a delineation as to what extent the due process provision authorizes jurisdiction by the courts of this State over a nonresident.

In *Chandler Leasing Co. v. Trus Joist Corp.* (1980), 90 Ill. App. 3d 875, 880, 414 N.E.2d 15, this court with a citation of the pertinent cases, made this definitive statement:

"The essence of the due process requirement under either a minimum contacts or substantial business test is that the activities within the State are such that it is reasonable to require a foreign corporation to defend a particular suit because they have sought the benefits and protection of the law of the forum and that requiring it to defend does not offend the traditional notions of fair play and substantial justice."

■■ In addition, it is the duty of the trial court to pass upon the pertinent factual issues by consideration of the affidavits "and any evidence adduced upon disputed issues of fact." (Ill. Rev. Stat. 1979, ch. 110, par. 20(2).) In this type of proceeding where "jurisdiction is denied by the defendant, the burden of proving its presence rests on the party asserting it." *Stephens v. Northern Indiana Public Service Co.* (1980), 87 Ill. App. 3d 961, 965, 409 N.E.2d 423.

Since no testimony was offered by the parties, it is the duty of this court to determine from all of the affidavits before it, and from the pertinent allegations of plaintiff's complaint, whether the contacts of defendants Ellefson and Magnuson with the State of Illinois were of such a type or nature as to subject them to the jurisdiction of the courts of Illinois under the statute first above cited.

It seems to us that plaintiff has in effect attempted primarily to assert the merits of his claim. For example, plaintiff depends strongly upon the statutory concept of partnership by estoppel. (Ill. Rev. Stat. 1979, ch. 106½, par. 16.) However, that is not the issue before us. The record here shows that a judgment has been entered in favor of plaintiff against the defendants "Quail Ridge Partnership and Curtis Brink individually and as a partner in the Quail Ridge Partnership." However, the notice of appeal has established our jurisdiction only to determine the narrow issue of whether the courts of Illinois can properly exercise jurisdiction over the individual defendants Ellefson and Magnuson.

■■ As regards the defendant Ellefson, it appears that he had no contact with the State of Illinois. He attended one meeting with plaintiff in Wisconsin. His affidavit denies that he ever retained the services of plaintiff or made any agreement to pay plaintiff anything. We conclude that he did not have sufficient contacts with Illinois so as to vest personal jurisdiction in the courts of this State over him. It is also important to note that defendant Ellefson did not at any time "voluntarily seek the benefits and protections of the laws of this State" so that he became "subject to the jurisdiction of our courts." *Woodfield Ford, Inc. v. Akins Ford Corp.*

(1979), 77 Ill. App. 3d 343, 348, 395 N.E.2d 1131, citing *Chicago Film Enterprises v. Jablanow* (1977), 55 Ill. App. 3d 739, 371 N.E.2d 161.

It is also significant here that none of the activities of defendant Ellefson took place within Illinois. The few contacts Ellefson had with plaintiff were exclusively within the State of Wisconsin. The only solicitation of a contract here came from plaintiff and this was carried out, as regards defendant Ellefson, strictly and entirely within Wisconsin. Compare *Morton v. Environmental Land Systems, Limited* (1977), 55 Ill. App. 3d 369, 372, 370 N.E.2d 1106.

Plaintiff also claims the courts of Illinois have jurisdiction because defendants Ellefson and Magnuson committed "a tortious act within" Illinois. (See Ill. Rev. Stat. 1979, ch. 110, par. 17(1)(b).) Plaintiff's complaint alleged defendants committed fraud by knowingly representing that they "owned" the property in Wisconsin, when in fact they owned only an option to buy the property which they subsequently declined to exercise. Plaintiff contends a tort was committed in Illinois because his injury, *i.e.,* his performance of services without being compensated, occurred in Illinois. We find plaintiff's contention without merit.

■■ ■ When a defendant challenges jurisdiction, a court will make a preliminary inquiry as to whether the complaint states a legitimate cause of action "to insure that acts or omissions which form the basis of a cause of action that is patently without merit will not serve to confer jurisdiction." (*Wiedemann v. Cunard Line Limited* (1978), 63 Ill. App. 3d 1023, 1030, 380 N.E.2d 932.) In the case at bar, it is abundantly clear that the basis of plaintiff's claim against these defendants is purely contractual and stems from the alleged breach of an alleged contract. The requisite elements of actionable fraud are not alleged in the plaintiff's complaint. (See *Oltmer v. Zamora* (1981), 94 Ill. App. 3d 651, 653, 418 N.E.2d 506.) Also, even if fraud were present, the representations concerning the interest of defendants in the land were made in Wisconsin. We believe plaintiff's count sounding in tort is legally insufficient and therefore cannot in itself serve as a basis for jurisdiction.

■■ Defendant Magnuson did not file a brief in the instant controversy. Nevertheless, a reviewing court should adjudicate an issue if "the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief, * * *." (*First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493.) In the case at bar, the factual and legal issues in adjudicating jurisdiction over Magnuson are virtually identical to those addressed in adjudicating jurisdiction over defendant Ellefson. Furthermore, even accepting the factual statements in plaintiff's affidavits, we are impelled to conclude the trial court was correct in quashing service on

defendant Magnuson. Therefore, we can readily dispose of the appeal regarding Magnuson without the benefit of another brief.

For these reasons the judgment appealed from is affirmed.

Judgment affirmed.

CAMPBELL, P. J., and McGLOON, J., concur.