GOLDEN RULE INSURANCE COMPANY, Plaintiff-Appellant, v. JOHN W. MICHELY, Defendant-Appellee.

Fifth District   No. 5—89—0332

Opinion filed May 9, 1990.—Rehearing denied July 9, 1990.

Guy E. McGaughey, Jr., of McGaughey & McGaughey, Ltd., of Lawrenceville, for appellant.

Terry C. Kaid, of Woodcock, Kline & Kaid, P.C., of Mt. Carmel, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

The trial court in this cause of action dismissed Golden Rule Insurance Company's complaint for declaratory judgment against John Michely, finding that the court did not have personal jurisdiction over the defendant pursuant to the Illinois long-arm statute. (Ill. Rev. Stat. 1987, ch. 110, par. 2—209.) Golden Rule Insurance Company appeals from the court's order of dismissal.

Golden Rule Insurance Company (Golden Rule) is an Illinois corporation, with its home office and principal place of business at Lawrenceville, Illinois. John Michely is a resident of St. Charles, Missouri, and has never resided in Illinois. On September 10, 1984, Michely applied for insurance with Golden Rule at the office of E.F. Mazucca & Associates, Inc., located in Missouri. Mary Mazucca, who signed the policy application on behalf of Mazucca & Associates, mailed the application, along with an initial premium check, to Golden Rule's home office in Lawrenceville. A policy was issued September 13, 1984, and mailed from Golden Rule's home office to Michely.

Michely subsequently incurred medical expenses and submitted a claim to Golden Rule. Golden Rule determined that the expenses incurred were excluded from coverage by the policy and denied the claim. Golden Rule filed a complaint for declaratory judgment of non-

liability in the circuit court of Lawrence County, Illinois. Service of the complaint on Michely was personally made by the St. Charles County, Missouri, sheriff.

Michely filed a special appearance for the purpose of contesting personal jurisdiction pursuant to section 2—301 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—301). As grounds for contesting personal jurisdiction, the special appearance represented that Michely is a resident of Missouri, and at no time has he been a resident of Illinois; that Michely purchased the insurance policy from Mazucca & Associates, a broker of Golden Rule, at its office in Missouri; that all premium payments on the policy were made to Golden Rule through its Indianapolis office; that upon information and belief Golden Rule is licensed and authorized to do business in Missouri; and that Michely has at no time contacted any individual or organization in Illinois with regard to the policy. The special appearance further alleged that Michely has had no contacts with Illinois sufficient for Illinois courts to exercise personal jurisdiction over him. Michely further stated in an affidavit attached to the special appearance that he has never made a telephone call to, or received a telephone call from, Golden Rule in Lawrenceville, Illinois.

Darrell Richey, vice-president of Golden Rule, filed an affidavit in opposition to the defendant's motion to dismiss for lack of personal jurisdiction. In the affidavit he states that Golden Rule's home office and principal place of business are in Lawrenceville, Illinois, and that Golden Rule has a companion administrative office in Indianapolis, Indiana. He also states in his affidavit that pursuant to the independent broker's contract between Golden Rule and Mary Mazucca, Mazucca was an independent contractor and was the agent of Michely and not Golden Rule.

■ The trial court heard arguments on defendant's special appearance, and on November 23, 1988, in a docket sheet entry, granted Michely's motion to dismiss for lack of personal jurisdiction. A written judgment order was filed December 7, 1988, including the court's findings and basis therefore, as provided in the court's docket sheet entry of November 23. In the docket sheet entry finding that Golden Rule failed to meet its burden of establishing jurisdiction, the court made specific reference to the plaintiff's failure to demonstrate that Mary Mazucca was Michely's agent. The court noted, however, that Mazucca's agency status "is not and would not be determinative of the jurisdictional issue, since even if she's determined to be defendant's agent, neither she nor defendant had sufficient contacts with the State of Illinois to confer personal jurisdiction of the Illinois

courts over the person of defendant pursuant to the long arm statute." The trial court also based its finding that Illinois lacked personal jurisdiction over defendant on section 113 of the Illinois Insurance Code (Ill. Rev. Stat. 1987, ch. 73, par. 735). The court denied Golden Rule's post-trial motion to vacate the court's order, and this appeal followed. We choose not to address the issue of whether the trial court erroneously applied section 113 in making its decision. A reviewing court will not consider questions which are not essential to the determination of the case before it. *Wilson v. Illinois Benedictine College* (1983), 112 Ill. App. 3d 932, 936, 445 N.E.2d 901, 905.

When jurisdiction is alleged under the long-arm statute, the first step is to determine if jurisdiction is proper under that statute. Only if jurisdiction is proper under the statute is the second step, determining if jurisdiction is proper under the due process clause, reached. (*R. W. Sawant & Co. v. Allied Programs Corp.* (1986), 111 Ill. 2d 304, 311, 489 N.E.2d 1360, 1364.) The pertinent provisions of section 2—209 of the Code of Civil Procedure provide:

> "Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:
>
> (1) The transaction of any business within this State;
>
> * * *
>
> (d) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him or her is based upon this Section."

(Ill. Rev. Stat. 1987, ch. 110, par. 2—209.)

Golden Rule argues that jurisdiction is conferred over Michely because Michely transacted business in Illinois via his agent Mary Mazucca. Golden Rule points out that it was Michely who sought out Mazucca & Associates, which was a general insurance broker selling all kinds of insurance. Golden Rule refers in particular to the Mazucca-Golden Rule "Agent's or Broker's Contract" (the Contract) which, it argues, clearly specifies that Mary Mazucca is an independent contractor and not an employee of Golden Rule. Because a broker by definition is an agent of the insured, and an agent by definition is an agent of the insurer (*Ross v. Thomas* (1977), 45 Ill. App. 3d 705, 708, 360 N.E.2d 126, 128), plaintiff makes particular reference to the Contract where it is signed "Mary M. Mazucca, Broker." Plaintiff reasons that this factor shows that Mary Mazucca was a

broker in her relationship with Golden Rule.

The contract is not controlling with respect to the status of Mazucca in this case. Whether she was a broker or an agent is determined not by what she is called, but by what she does. (*Moone v. Commercial Casualty Insurance Co.* (1953), 350 Ill. App. 328, 335, 112 N.E.2d 626, 628.) To determine whether a person is acting as a broker or as an agent, we must ask: who first set the person in motion; who controls her actions; who is to pay her; and whose interest is she there to protect. (*Moone*, 350 Ill. App. at 335, 112 N.E.2d at 629.) Other factors to consider in the agency/broker analysis include: an agent's fixed and permanent relationship to the company she represents; conduct inconsistent with an agency relationship with a client; whether the client first approached the person; and whether the person dealt directly with the insurance company. See *Northtown Warehouse & Transportation Co. v. Transamerica Insurance Co.* (1987), 155 Ill. App. 3d 10, 15, 507 N.E.2d 189, 192.

Our analysis of the factors in the case at bar does not show that Mazucca was Michely's agent. The Contract between Mazucca and Golden Rule evidences the relationship between them. That contract provided in pertinent part:

> "You have the authority *** to solicit applications for the insurance products of the Company ***.
>
> * * *
>
> You shall actively solicit applications for the Company's insurance products for approval or disapproval by the Company, collecting initial premiums in exchange for the official receipts furnished by the Company.
>
> * * *
>
> *** [Y]ou will be paid commissions based on the amount of premiums received in cash by the Company on policies and contracts issued from applications for insurance solicited by you or your Sub-Agents or Sub-Brokers, provided your name appears on the application as Agent or Broker."

It is unclear that Mazucca had a fixed and permanent relationship with Golden Rule, but it is clear that in obtaining Michely's insurance business, she was acting within the authorization of her Contract with Golden Rule. Although it is undisputed that Michely approached Mazucca to purchase insurance, it was Mazucca who recommended to Michely that he purchase the Golden Rule insurance policy. In an affidavit submitted to the court by Michely, he states that all of his contacts and activities with regard to the insurance policy were transacted through Mazucca's office in St. Louis, Missouri. The fact that

Mazucca dealt directly with Golden Rule is acknowledged in the affidavit submitted by Darrell Richey, vice-president and general counsel of Golden Rule, wherein he states, "After signing the application, said application was mailed by the Independant [*sic*] Broker to Golden Rule along with the premium which was received in Lawrence County, Illinois at the home office of Golden Rule Insurance Company."

▉ In considering the factor of who controls Mazucca's actions, it is noteworthy that Mazucca's Contract with Golden Rule provides that she is "expected to generate new business on a regular basis for the company." Although the Contract gave Mazucca the freedom to exercise her own judgment in soliciting applications, she was bound under the Contract to observe the rules and regulations of the company. It has not been shown that Mazucca conducted herself other than in the manner provided in the Agent's or Broker's Contract. Furthermore, the Contract provides that Golden Rule shall pay Mazucca a commission for policies which are issued from applications for insurance solicited by Mazucca. All of the evidence supports the court's finding that Golden Rule failed to demonstrate that Mazucca was Michely's agent. We hold that the trial court did not abuse its discretion in finding that Golden Rule failed to meet its burden of establishing that Mary Mazucca was the defendant's agent.

In light of our finding that the evidence was insufficient to establish Mazucca as the agent of Michely, our inquiry turns to the question of whether Michely personally transacted business in Illinois so as to confer jurisdiction of the Illinois courts over him.

▪▉ Plaintiff bears the burden of proof in establishing jurisdiction defendant. (*Bobka v. Cook County Hospital* (1983), 117 Ill. App. ᴗᴗ 359, 360, 453 N.E.2d 828, 829.) A court may exercise jurisdiction over a nonresident defendant, such as Michely, where defendant has sufficient minimum contacts with Illinois "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" (*International Shoe Co. v. Washington* (1945), 326 U.S. 310, 316, 90 L. Ed. 95, 102, 66 S. Ct. 154, 158.) Considerable weight is given to a defendant's voluntary acts for it is through those acts that a defendant "purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla* (1958), 357 U.S. 235, 253, 2 L. Ed. 2d 1283, 1298, 78 S. Ct. 1228, 1240.

Since no testimony was offered by the parties as to this matter, we must determine from all of the affidavits before us, and from the pertinent allegations of the complaint, whether the contacts of Mi-

chely with Illinois were sufficient to subject him to the jurisdiction of Illinois. *Zeunert v. Quail Ridge Partnership* (1981), 102 Ill. App. 3d 603, 607, 430 N.E.2d 184, 186.

■ Michely has never resided in Illinois and did not at any time come into the State on matters regarding his insurance with Golden Rule. No telephone calls from Michely to Golden Rule in Illinois have been made, nor has Golden Rule made any calls to Michely from its Illinois office. Defendant contends that irrespective of the initial premium forwarded on his behalf to Golden Rule's Illinois office by Mazucca, he has forwarded all additional premium payments to the Golden Rule office in Indiana. The contacts Michely had with the Golden Rule facility in Lawrenceville, Illinois, occurred in Missouri via Mary Mazucca. Golden Rule asserted in the trial court and asserts on appeal that Michely's contacts with Illinois via Mazucca constituted the transaction of business for purposes of the exercise of long-arm jurisdiction over Michely. Plaintiff cannot lure the nonresident defendant into the jurisdiction. *Chicago Film Enterprises v. Jablanow* (1977), 55 Ill. App. 3d 739, 742, 371 N.E.2d 161, 164.

■ Golden Rule insists that the contract to provide insurance was entered into in Illinois, and reasons that this factor is significant in the determination of whether Michely transacted business in this State. We disagree with Golden Rule's conclusions as to the significance of this factor. Although it was Michely who initially went to Mazucca & Associates to purchase insurance, it was Mazucca who suggested the Golden Rule policy. Furthermore, notwithstanding plaintiff's contention that the contract was entered into in Illinois, it has not been shown that this transaction was one by which Michely purposefully availed himself of the privilege of conducting activities within Illinois and voluntarily invoked the benefits and protections of the State's laws. (*Gordon v. Tow* (1986), 148 Ill. App. 3d 275, 281-82, 498 N.E.2d 718, 721.) On the contrary, the insurance policy issued to Michely indicates that the policy is to conform with the State law where the policy holder resides, which would be Missouri in this case:

> "Any part of the policy in conflict with the laws of the state where you live on the policy's effective date is changed to conform to the minimum requirements of that state's laws."

Golden Rule also contends that its extensive work with regard to the initial acceptance of Michely's application for insurance, and the subsequent investigation made with regard to defendant's claim for benefits, all occurred in Illinois. We do not find this compelling to the issue because only the acts of defendant are relevant in establishing jurisdiction over the nonresident. (*Chicago Film Enterprises*, 55 Ill.

App. 3d at 742, 371 N.E.2d at 164.) Based on the foregoing, we believe the trial court did not err in finding that the requisite minimum contacts do not exist between Michely and Illinois to confer *in personam* jurisdiction, and we therefore affirm the decision of the trial court.

Affirmed.

RARICK and WELCH, JJ., concur.