CONSOLIDATED INSURANCE CO., Plaintiff,

v.

William VANDERWOUDE, et al., Defendants.

No. 2:94 cv 205.

United States District Court, N.D. Indiana, Hammond Division.

Feb. 9, 1995.

John E. Hughes, Hoeppner Wagner and Evans, Valparaiso, IN, for Indiana Ins. Co.

Paul O. Watkiss, Leahy Eisenberg and Fraenkel, Ltd., Chicago, IL, for Country Mut. Ins.

## ORDER

MOODY, District Judge.

This is a case in which the court's jurisdiction is based solely on diversity of citizenship. Plaintiff Consolidated Insurance Co. ("Consolidated") seeks a declaration that it has no duty to defend or indemnify under a homeowner's insurance policy issued to an Illinois homeowner on his Illinois home. One of the defendants, Country Mutual Insurance Company ("CMIC"), has moved to dismiss the case for improper venue pursuant to FED. R.CIV.P. 12(b)(3).

Taking as true the allegations of Consolidated's complaint and those in an affidavit submitted by Consolidated in response to CMIC's motion, the facts relevant to the venue issue are as follows. In 1982 defendant Vanderwoude, a resident of Lansing, Illinois, telephoned the Turnpaugh Insurance Agency located in Hammond, Indiana, and arranged to purchase a policy of homeowner's insurance on his Lansing residence. Turnpaugh obtained a policy issued by Consolidated, an Indiana insurer authorized to transact insurance business in Illinois. The initial premium was paid by Vanderwoude to Turnpaugh, who transmitted it to Consolidated.

The policy apparently remained in effect, as renewed from time to time, through at least 1990, when the events ultimately resulting in the present suit occurred. On or about September 20, 1990, Vanderwoude was operating a cutting/welding torch outside a building located in South Holland, Illinois, owned by Gerald Vandermeer (who is not named as a defendant.) Vandermeer's building caught fire and CMIC, Vandermeer's insurer, paid him for his loss. As Vandermeer's subrogee, CMIC then sued Vanderwoude in state court in Illinois, claiming that his negligent use of the cutting torch caused the fire.

Consolidated brought the present action to obtain a declaratory judgment that under the homeowner's policy it issued to Vanderwoude it owes Vanderwoude neither a duty to defend nor indemnify with respect to the Illinois suit brought against him by CMIC. According to Consolidated, a policy exclusion for business pursuits applies and/or Vanderwoude did not comply with his duty under the policy to give Consolidated timely notice of the suit against him. Consolidated has named as defendants Vanderwoude, CMIC, Wallace Urban and Coach Travel Unlimited. The latter two defendants, CMIC believes, have also sued Vanderwoude for damages resulting from the same fire.

■ In a case where jurisdiction is based solely on diversity, venue exists either: 1) where any defendant resides, if all defendants reside in the same state; or 2) where a substantial part of the events or property upon which the claim is based are located.[1] 28 U.S.C. § 1391. CMIC contends that all of the defendants in this action reside in Illinois and that no substantial events upon which the claim is based occurred in Indiana; therefore, there is no venue in this forum.

Consolidated has the burden of demonstrating that venue is proper in this district. *Grantham v. Challenge–Cook Bros., Inc.,* 420 F.2d 1182, 1184 (7th Cir.1970). Consolidated

---

1. A third alternative exists when neither of the first two provides a forum with venue. In that case, venue is proper in any district where personal jurisdiction over the defendants exists. 28 U.S.C. § 1391(a)(3).

neither admits nor denies that all of the defendants are Illinois residents, although that seems likely to be true based on the allegations of its complaint.[2] The place of defendants' residence is irrelevant to Consolidated's venue argument. Consolidated argues that venue is proper in this district under 28 U.S.C. § 1391(a)(2), because Vanderwoude's having obtained his insurance through an Indiana agent and paying that agent the first premium are a substantial part of the events giving rise to the claim asserted herein.

■ According to Consolidated, there could be no suit without the policy, which is "an Indiana policy" because executed in Indiana. Plaintiff's Reply Brief at pp. 5, 4. Assuming it is true the policy was executed in Indiana [3], that of course does not make it an "Indiana" policy.

The policy was delivered to an Illinois resident to insure his Illinois home. Not surprisingly, the policy (that is, the 1990 renewal policy attached to Consolidated's complaint) contains an "Illinois Amendatory Endorsement." Consolidated has pleaded that it is authorized to sell insurance in Illinois, and Illinois law, like the insurance law of every state of which the court is aware, regulates the content of policies issued to Illinois residents or for coverage of risks resident in Illinois. ILL.ANN.STAT. ch. 215, para. 5/121–3(e) (Smith–Hurd 1993) (issuing contract of insurance to resident of Illinois constitutes transacting business of insurance in Illinois); ILL.ANN.STAT. ch. 215, para. 5/143(2) (Smith–Hurd 1993) (requiring filing of all casualty, fire and marine policy forms and empowering Director of Department of Insurance to regulate content thereof). It is clear that the parties to the contract intended for it to be an "Illinois" homeowner's policy, i.e., governed by Illinois law, and the coverage questions raised in this case will require application of Illinois contract and insurance law to the policy.

■ Under these circumstances, are the facts that the policy may have been made (but see n. 3, *supra*) in Indiana and the initial premium paid there "a substantial part of the events or omissions giving rise to the claim"? Consolidated answers "yes" because this is a contract claim based on the "event" (formation of the contract) that occurred in Indiana, not a tort claim based on the events that occurred in Illinois. Were the initial formation of the contract a "substantial" event in the events germane to Consolidated's action (e.g., Vanderwoude submitted a fraudulent application making the policy void), Consolidated might be correct. This could be true whether or not the contract was executed in Indiana, because Vanderwoude did solicit the policy from an Indiana agent. "The standard set forth in § 1391(a)(2) may be satisfied by a communication transmitted to or from the district in which the cause of action was filed, given a sufficient relationship between the

2. Consolidated pleads that defendants Urban and Vandermeer are citizens of Illinois, and that defendants CMIC and Coach Travel Unlimited are Illinois corporations with principal places of business in Illinois.

3. This assumption is questionable. Indiana follows the rule that an insurance contract is executed in the state where the application is made, the premium paid and the policy delivered. *Pennington v. American Family Ins. Group*, 626 N.E.2d 461, 465 (Ind.Ct.App.1993). The only evidence on these issues is provided by Consolidated in the form of the affidavit of Francis M. Turnpaugh of the Turnpaugh Agency. Mr. Turnpaugh avers that the Turnpaugh Agency "sold homeowner's insurance for the Indiana Insurance Company and the Consolidated Insurance Company;" that in June, 1982, he "received a telephone call" from Vanderwoude; that Vanderwoude "purchased a homeowner's policy through my office" and "paid his initial premium to my office in Hammond, Indiana."

Turnpaugh's affidavit may be more important for what it does not say. Turnpaugh never states that Vanderwoude came in person to Turnpaugh's Hammond office. Perhaps the application was made over the phone. Turnpaugh does not say that premiums after the initial premium were ever paid to the agency, and even the initial premium may have been mailed to Turnpaugh from Illinois by Vanderwoude. The renewal policy attached to Consolidated's complaint indicates that premiums were to be remitted to the company. If Turnpaugh acted as Consolidated's agent, rather than as a broker for Vanderwoude, and Vanderwoude made the contract by dealing from Illinois with Turnpaugh, then Consolidated's decision to accept Vanderwoude's application and insure property in Illinois, issue a policy intended for delivery in Illinois governed by Illinois law, and accept premiums mailed from Illinois might be sufficient facts to support a finding that the contract was "made" in Illinois. *See* COUCH ON INSURANCE 2d, § 16.2 (Rev. ed. 1984).

communication and the cause of action." *Sacody Technologies v. Avant, Inc.*, 862 F.Supp. 1152, 1157 (S.D.N.Y.1994); *see also Bates v. C & S Adjusters*, 980 F.2d 865, 867–68 (2d Cir.1992) (interpreting identical language in § 1391(b) and finding receipt of a collection letter in the district sufficient for venue of Fair Debt Collection Practices Act claim); *Gruntal & Co. v. Kauachi*, No. 92 Civ. 2840, 1993 WL 33345, at *2 (S.D.N.Y. Feb. 5, 1993) (venue proper in fraud action in district where one party to telephone calls was when fraudulent representations were made during the phone call).

There are no allegations in Consolidated's complaint, however, that have anything to do with the application for, or making of, the contract in Indiana. On the contrary, Consolidated's complaint is concerned wholly with events occurring in Illinois. Consolidated pleads that Vanderwoude's business operations in Illinois and resulting Illinois state court suit against him are excluded from the policy's coverage, and that the policy was breached by Vanderwoude's failure to give Consolidated notice of that suit/claim, an omission that may have "occurred" in Illinois since Vanderwoude resides there.[4]

Thus, all of the events which are significant to Consolidated's cause of action occurred in Illinois. While it is true that making the contract in Indiana was an event without which the present suit would not exist, that event does not constitute a "substantial part" of the events giving rise to Consolidated's claim.[5] *Cf. Friedman v. Revenue Mgmt. of New York, Inc.*, 38 F.3d 668, 671–72 (2d Cir.1994) (venue did not exist in Southern District of New York over suit to dissolve a New York corporation that conducted business in New York, because the activities complained of, fraud and mismanagement, and relevant corporate assets, offices, books and records, were located in Illinois "where the substantial part of the events alleged occurred"); *Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison*, No. 92 Civ. 9002, 1994 WL 74860, *5 (S.D.N.Y. Mar. 7, 1994) (facts that contract possibly executed in New York and some services performed in New York not "substantial events" laying venue where "vast

---

4. Consolidated has made no argument that because Vanderwoude had to notify either the Turnpaugh Agency or Consolidated, both of whom are in Indiana, the omission "occurred" in Indiana. As a result, whether that omission occurred in this district and would be a "substantial part" of the events giving rise to the claim merits no further discussion.

5. Subsection (a)(2) of 28 U.S.C. § 1391 was amended in 1990. Prior to the amendment venue was proper only in the district "in which the claim arose." The 1990 amendment confers venue in any district where a "substantial part of the events or omissions giving rise to the claim occurred," allowing venue in multiple districts. "The great advantage of referring to the place where **things happened** ... is that it avoids the litigation breeding phrase 'in which the claim arose.'" H.R.Rep. No. 734, 101st Cong., 2d Sess., *reprinted in* 1990 U.S.C.C.A.N. 6802, 6860, 6869 (emphasis added).

While the amendment was intended to remove the state law determination of where a claim arose from the inquiry into federal venue, that goal has not been completely attained. In a diversity case the claim at issue is a creature of state law. To determine whether the "things" that "happened" in a district are a "substantial part of the events ... giving rise to the claim" can only be determined by reference to state law concerning that claim. *See Jordache Enterprises,*

*Inc. v. Brobeck, Phleger & Harrison,* No. 92 Civ. 9002, 1994 WL 74860, *3 (S.D.N.Y. Mar. 7, 1994) ("pre-1990 decisions construing the meaning of 'substantial part' are still good law.").

With this consideration in mind, *Golden Rule Ins. Co. v. Michely*, 198 Ill.App.3d 314, 144 Ill. Dec. 528, 555 N.E.2d 1047 (1990), deserves mention. *Michely* held that "long-arm" personal jurisdiction did not exist over a Missouri resident with respect to a policy of insurance "entered into" in Illinois because the insured had not purposefully transacted business in Illinois. Instead, a Missouri insurance agent had obtained the policy for the insured by a mailing into Illinois. 144 Ill.Dec. 528, 555 N.E.2d at 1051–52.

*Michely* is distinguishable on both the law, involving an issue of Illinois personal jurisdiction rather than federal venue, and the facts. In *Michely* the insured made no phone calls into Illinois, unlike Vanderwoude who did make phone calls into Indiana. Nevertheless, the case is relevant to the present circumstances in that the court found the place of contracting unimportant largely because the policy was issued to conform to Missouri law, where the insured resided. 144 Ill.Dec. 528, 555 N.E.2d at 1052. *Michely* therefore suggests that the place a contract of insurance is made is much less important an event than the place where the contract of insurance operates.

bulk" of the contractual services performed in California); *Pfeiffer v. Insty Prints*, No. 93 C 2937, 1993 WL 443403, at *2–3 (N.D.Ill. Oct. 29, 1993) (no venue in Illinois where substantial part of activities giving rise to claim occurred in Wisconsin and communications in Illinois did not constitute the conduct underlying the contractual breach); *but cf. Constitution Reinsurance Corp. v. Stonewall Insurance Co.*, 872 F.Supp. 1247, 1249–50 (S.D.N.Y.1995) (venue proper in New York over declaratory judgment action filed by New York reinsurer seeking determination regarding its contractual obligations where contract negotiated by phone calls between New York and Texas, reinsurance contract to be performed in New York, and reinsurer's denial of claim occurred in New York).

Accordingly, the court concludes that venue of this action does not exist in this district. However, CMIC's motion to dismiss this action is **DENIED.** CMIC's objection to venue allows this court, if it would serve the interest of justice, to transfer this action, *sua sponte*, to a district in which it could have been brought. 28 U.S.C. § 1406(a); *Concession Consultants, Inc. v. Mirisch*, 355 F.2d 369, 271–72 n. 3 (2d Cir.1966); *see also Hapaniewski v. City of Chicago Heights*, 883 F.2d 576, 579 (7th Cir.1989). Because Vanderwoude may have executed his insurance policy in this district, giving Consolidated a good faith reason to believe venue proper here, and because defendants will not be prejudiced by transfer, it is in the interest of justice to do so.

Accordingly, this action is **TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION,** for all further proceedings. The clerk shall forthwith prepare and transmit the file, and terminate this civil cause on this court's docket.

**SO ORDERED.**