MURDOCK, Justice
(concurring specially).
I agree with the analysis in the main opinion. Although the parties do not address it in their briefs, I also find noteworthy a consideration adopted by courts in at least one state:
“Zeunert v. Quail Ridge Partnership, 102 Ill.App.3d 603, 608, 58 Ill.Dec. 242, 245, 430 N.E.2d 184, 187 (1st Dist.1981) (citation omitted)[,] teaches [that] causes of action must be minimally viable before they may justify assertion of personal jurisdiction:
“ ‘When a defendant challenges jurisdiction, a court will make a preliminary inquiry as to whether the complaint states a legitimate cause of action “to insure that acts or omissions which form the basis of a cause of action that is patently without merit will not serve to confer jurisdiction.” ’ ”
Club Assistance Program, Inc. v. Zukerman, 594 F.Supp. 341, 350 (N.D.Ill.1984). Application of this criterion in the present case would yield the same results as are reached by the main opinion as to each of the parties.