CENTRAL CLEARING, INC., Plaintiff-Appellant, *v.* OMEGA INDUSTRIES, INC., Defendant-Appellee.

First District (5th Division)   No. 62046

Opinion filed October 8, 1976.

R. S. Maione, of Chicago, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Stanley J. Davidson and A. Jeffrey Seidman, of counsel), for appellee.

Mr. JUSTICE BARRETT delivered the opinion of the court:

Plaintiff, Central Clearing, Inc., an Illinois employment agency, filed a

complaint in the circuit court against defendant, Omega Industries, Inc., a Texas corporation, for breach of contract for failure to pay an employment agency fee and for fraudulently inducing plaintiff to perform services for defendant.

The total complaint alleged as follows:

## "COUNT I

1. On or about April or May, 1974, pursuant to an agreement by and between the parties hereto, wherein the Plaintiff was to furnish the Defendant certain parties for employment by the Defendant, the Defendant did, in fact, hire one, Mr. De Witt Honeycutt, who was furnished to the Defendant by the Plaintiff, Central Clearing, Inc.

2. That by virtue of the acceptance and hiring by the Defendant, Omega Industries, of said person, as employee, the Plaintiff was entitled to the sum of $3,200, which sum the Plaintiff is entitled to by virtue of the agreement between the parties, and in accordance with the fee schedule filed and approved by the Department of Labor, State of Illinois, Revised Statutes, Chapter 48, Section 197a-197o.

3. Though often requested by the Plaintiff, the Defendant refuses and continues to refuse to make payment, on the above.

## COUNT II

1-3. The Plaintiff realleges Paragraphs 1 through 3 as Paragraphs 1 through 3 of Count II.

4. That at the time of entering into the agreement with the Plaintiff, the Defendant had no intention of abiding by or conforming to the agreements made and entered into and that by the exercise of fraud and deceit willfully induced the Plaintiff to perform services for and on behalf of the Defendant, when the Defendant knowingly and willfully had no intention of making payment pursuant to that contract.

Wherefore, the Plaintiff prays that judgment be entered against the Defendant, in the sum of $5,000.00, as and for punitive damages and for its costs of suit."

Summons was served upon the vice-president of defendant Omega Industries, Inc., at his office in Tarrant County, Texas. Defendant filed a special and limited appearance and a motion to quash service of summons and to dismiss based on lack of jurisdiction. Plaintiff responded by filing a motion to strike the special appearance.

Two affidavits were submitted with a brief in support of defendant's motions to quash service of summons and to dismiss. John W. Kennerly, executive vice-president of Omega Industries, filed his affidavit which stated that Omega was incorporated in Texas and had its principal place

of business in Grapevine, Texas; that Omega was not registered with the Secretary of State as a foreign corporation doing business in Illinois; that Omega was not qualified to do business in Illinois and did not have an office or place of business in Illinois; that Omega was not listed in any Illinois telephone directory, had no registered agent to accept service in Illinois, maintained no bank accounts and owned no real estate in Illinois; that Omega never contracted for the services of an employment agency during 1973 nor authorized Mr. U. M. Robinson to contract on its behalf for employment of new personnel; and that the only contacts Omega had with Central Clearing, Inc., prior to April 14, 1973, were three unsolicited telephone calls received in Grapevine, Texas, initiated and placed by employees of Central Clearing, Inc.

U. M. Robinson, technical director of marketing of Omega Industries, filed his affidavit which stated that he first received an unsolicited phone call from Central Clearing, Inc., personnel on April 4, 1973; that between April 4, 1973, and April 14, 1973, all contacts with Central Clearing, Inc., personnel were through unsolicited phone calls received in Grapevine, Texas; that he never agreed to use Central Clearing, Inc., as an employment agency; he never placed a job order with Central Clearing and never agreed to any payment of fees; and that he has never had the authority to hire personnel for employment with Omega.

After a hearing on the motions the court found that jurisdiction was not proper in Illinois and sustained defendant's motion to quash service of summons and to dismiss. Pursuant to this ruling plaintiff, Central Clearing, Inc., appeals.

Plaintiff contends in this court that defendant, Texas corporation, transacted business within this State and committed a tortious act within this State thereby rendering it amenable to *in personam* jurisdiction within Illinois pursuant to the "Long Arm Statute." (Ill. Rev. Stat. 1975, ch. 110, pars. 17(1)(a) and 17(1)(b).) That statute provides:

"(1) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

(a) The transaction of any business within this State;

(b) The commission of a tortious act within this State;
*  *  *"

Plaintiff argues that defendant transacted business in Illinois when an agreement between the parties was effected via telephone. It is also argued that defendant committed a tortious act in Illinois when at the

time of entering into the agreement, defendant had no intention of complying with its terms thus perpetrating a fraud. Defendant maintains that no agreement was ever reached and that it never had sufficient contact with Illinois to be amenable to jurisdiction here and to comport with principles of due process.

OPINION

■■ In *Nelson v. Miller* (1957), 11 Ill. 2d 378, 143 N.E.2d 673, a case upholding the constitutionality of sections 16 and 17 of the Civil Practice Act, the court held that sections 16 and 17 reflect a conscious purpose to assert jurisdiction over nonresident defendants to the extent permitted by the due process clause. The fundamental inquiry then is whether defendant had certain minimum contacts with the forum state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice" (*International Shoe Co. v. Washington* (1945), 326 U.S. 310, 316, 90 L. Ed. 95, 102, 66 S. Ct. 154, 158), and whether defendant can be said to have purposefully invoked the benefits or protection of Illinois law. *Hanson v. Denckla* (1958), 357 U.S. 235, 253, 2 L. Ed. 2d 1283, 1298, 78 S. Ct. 1228, 1240.

In the instant case we first note that plaintiff did not file counteraffidavits but relied on its complaint to support the facts supporting its position. The original complaint was not verified but was subsequently verified by plaintiff's attorney. That verification, however, does not state whether it was made upon personal knowledge or upon information and belief. It has been held that where well-alleged facts within an affidavit are not contradicted by counteraffidavit, they must be taken as true notwithstanding the existence of contrary averments in the adverse party's pleadings. (*Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 272 N.E.2d 497, *cert. denied*, 408 U.S. 943; *Lingerman v. Elgin, Joliet & Eastern Ry. Co.* (1960), 24 Ill. App. 2d 1, 4, 163 N.E.2d 854.) The fact that the pleading may be verified will generally not affect this rule since the pleading will rarely (and should not) match the specificity of the affidavit. Here, the verified complaint is couched in conclusory terms. In addition, we are unable to tell whether the verification was made upon personal knowledge or information and belief. We, therefore, are required to accept the defendant's affidavits as true and will review this case in light of the facts contained therein.

■■ It appears that the only contact defendant had with Illinois was through three unsolicited telephone calls made by plaintiff to defendant in Texas. Defendant's officers deny the authority to contract with plaintiff and deny that an agreement was ever entered between them. We believe on the basis of these facts that defendant did not have sufficient

jurisdictional minimum contacts to come within either section 17(1)(a) or 17(1)(b) of the Civil Practice Act or to comport with principles of due process.

Plaintiff cites this court's decision in *Cook Associates, Inc. v. Colonial Broach & Machine Co.* (1973), 14 Ill. App. 3d 965, 304 N.E.2d 27, to support its position. In that case, the nonresident defendant initiated the business transaction by telephoning plaintiff in Illinois. Following the call initiated by defendant it was necessary for the plaintiff to do considerable work in Illinois by locating the individual in whom defendant was interested. It took considerable effort inasmuch as the applicant was finally found in the State of Michigan, when that individual was referred to the interested employer in Michigan who hired him. Here, in contrast, plaintiff telephoned defendant in Texas without any solicitation by defendant. Moreover, defendant's affidavits have indicated that no contract was agreed upon during the course of the telephone conversations and no contradictory affidavits were filed by the plaintiff. It goes without saying that if a business firm's telephone rings someone in that firm necessarily must answer it, but if no agreement is reached as a result of whatever conversation took place the unsolicited telephone call cannot give *in personam* jurisdiction to the courts of Illinois.

Accordingly, the order of the circuit court quashing the service of summons is affirmed.

Affirmed.

LORENZ, P. J., and SULLIVAN, J., concur.