BRYAN, Judge.
 

 Josh Harrison and Josh Harrison d/b/a Western Motor Group (“the defendants”) petition this court for a writ of mandamus to compel the trial court to grant the defendants’ motion to dismiss the action filed by the plaintiff, M. Smallwood, on the ground that the trial court lacks in person-am jurisdiction over the defendants because, the defendants say, they have not had the minimum contacts with the State of Alabama necessary to subject them to in personam jurisdiction in Alabama. We grant the petition.
 

 On November 27, 2007, Smallwood sued the defendants, stating claims of fraud and violation of the Alabama Deceptive Trade Practices Act, § 8-19-1 et seq., Ala.Code 1975, based on the following factual allegations:
 

 “1. The Plaintiff, M. Smallwood, is a resident and citizen of the State of Alabama and is over the age of twenty-one (21) years.
 

 “2. The Defendant, Josh Harrison, is upon information and belief, an individual over the age of twenty-one (21) years and a partner in a partnership ... d/b/a Western Motor Group.
 

 “8. Western Motor Group is upon information and belief, a suable entity located ... at 2925 11th Street, Rock Island, Illinois, 61201, and was, in all respects and at all times relevant herein, doing business in the State of Alabama.
 

 [[Image here]]
 

 “8. Defendants offered an automobile described as a ‘2003 Ford Crown Victoria P71 Police Squad’ vehicle for sale on Ebay Motors, an Internet Auction Site.
 

 “9. Relying on Defendants’ representations that said vehicle was a police squad vehicle, Plaintiff purchased the vehicle for the sum of Four Thousand Two Hundred Twenty-Five dollars ($4,223.00) [sic],
 

 “10. Said vehicle was never a ‘police squad’ vehicle or used by police, but was in fact, a vehicle used as a Taxi.”
 

 The defendants moved the trial court to dismiss Smallwood’s action on the ground that the trial court lacked in personam jurisdiction over the defendants. In support of their motion, the defendants argued that Smallwood could not meet his burden of proving that the defendants had had the minimum contacts with Alabama necessary to subject them to in personam jurisdiction in Alabama because, they said, he could not prove that there had been “ ‘some act by which the defendants] [had]
 
 *1023
 
 purposefully avail[ed themselves] of the privilege of conducting activities within [Alabama], thus invoking the privileges and protections of its laws,’ ”
 
 Ex parte Georgia Farm Bureau Mut. Auto. Ins. Co.,
 
 889 So.2d 545, 551 (Ala.2004) (quoting
 
 Burger King Corp. v. Rudzewicz,
 
 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). They argued that they had not purposefully availed themselves of the privilege of conducting activities in Alabama by selling the Crown Victoria to Smallwood because that sale was a single, isolated sale; they did not direct their advertisement on the Internet at Alabama or Alabama residents; Smallwood initiated the sale by contacting the defendants; them only contacts with Alabama were by mail and telephone; and, although they had arranged for the shipment of the Crown Victoria to Smallwood at his request, Smallwood bore the shipping cost and the risk of loss while the Crown Victoria was in transit.
 

 As evidentiary support for their motion, the defendants submitted the affidavit of Josh Harrison, in which he stated:
 

 “At the time of the subject transaction I was acting on behalf of and as an agent of Western Motor Group.
 

 “I am a bona fide resident citizen of the State of Illinois. I have never lived in the State of Alabama. I do not and never have owned property or assets in the State of Alabama. I do not and never have conducted business activities in the State of Alabama. I have never had any personal contacts with the State of Alabama unrelated to the present lawsuit.
 

 “Western Motor Group is a sole proprietorship located in Illinois and having its principal and sole place of business in Rock Island, Illinois. Western Motor Group is not registered, qualified or licensed to do business in the State of Alabama. Western Motor Group is not required to, nor does it pay taxes in or to the State of Alabama. Western Motor Group does not own property or assets in the State of Alabama, does not maintain offices in the State of Alabama, does not have employees in the State of Alabama and does not have a telephone listing in the State of Alabama. Neither I nor Western Motor Group knowingly or intentionally markets, solicits or advertises products or services in the State of Alabama. I am unaware of any business dealings with any resident of the State of Alabama, prior to the transaction with M. Smallwood made the basis of this lawsuit, and neither I nor Western Motor Group ever knowingly or intentionally sold any goods or services to any entity in or from the State of Alabama.
 

 “Western Motor Group advertised the subject 2003 Ford Crown victoria Police Interceptor (‘Crown Vic’) on Ebay Motors, which is a national/international internet website dedicated to assisting individuals and businesses in the buying and selling of automobiles. The business of Ebay Motors is to allow a business or individual to post the advertisement for an automobile on the website in order to receive offers and/or bids from individuals or other businesses who are interested in purchasing the vehicle. The impetus is on the individual who is interested in the automobile to then contact the individual or business that posted the advertisement on the website. Neither I nor Western Motor Group owns or maintains the Ebay Motors website.
 

 “Prior to the transaction made the basis of this lawsuit, I am unaware of any prior business dealings that I or Western Motor Group had with M. Smallwood. I was contacted by M.
 
 *1024
 
 Smallwood after he saw the advertisement that had been placed on Ebay Motors. After negotiating the purchase price for the Crown Vic, the purchase contract was mailed to M. Smallwood which M. Smallwood signed and returned to Illinois. M. Smallwood sent a check to Western Motor Group and requested Western Motor Group to arrange for transportation of the Crown Vic to Alabama. Based on M. Small-wood’s request, Western Motor Group arranged for the Crown Vic to be transported to Alabama. The purchase contract represented the total selling price as $3,624 and the transport/shipping cost as $600. The check M. Smallwood sent to Western Motor Group covered both the selling price and the transport/shipping cost. The sale of the Crown Vic to M. Smallwood was not completed until the money was received in Illinois. While Western Motor group arranged for transporting the Crown Vic to Alabama at M. Smallwood’s request, M. Smallwood bore the cost of said transportation and the risk of loss while the Crown Vic was being transported to Alabama.”
 

 In opposition to the defendants’ motion, Smallwood argued that it was not necessary for the defendants to have a physical presence in Alabama in order to have sufficient contacts with Alabama to subject them to in personam jurisdiction in Alabama; all that was necessary, Smallwood asserted, was that the defendants have “ ‘aet[ed] in such a manner that [they] reasonably ought to anticipate the direct consequences of [their] actions to be felt by another person residing in [Alabama].’ ”
 
 Lowry v. Owens,
 
 621 So.2d 1262, 1265 (Ala.1993) (quoting
 
 Duke v. Young,
 
 496 So.2d 37, 39 (Ala.1986)). The record before us indicates that, before the trial court ruled on the defendants’ motion to dismiss, Smallwood did not submit any affidavits or other evidence.
 

 On May 21, 2008, the trial court denied the defendants’ motion to dismiss, and, on June 11, 2008, the defendants petitioned this court to issue a writ of mandamus compelling the trial court to grant their motion to dismiss. We called for an answer to the petition from Smallwood and for briefs from both parties. On July 22, 2008, Smallwood moved the trial court to amend the record to include a document purporting to be a copy of an advertisement placed on the “Ebay Motors” Web site on July 18, 2008, by the defendants. However, the trial court entered an order denying Smallwood’s July 22 motion to amend the record; consequently, neither the July 18 advertisement nor any of Smallwood’s statements in his answer and brief regarding the July 18 advertisement are before us.
 
 See Etherton v. City of
 
 Homewood; 700 So.2d 1374, 1378 (Ala. 1997) (“[W]e are not permitted to consider matters ‘dehors the record.’
 
 Cooper v. Adams,
 
 295 Ala. 58, 61, 322 So.2d 706, 708 (1975). This rule may be restated as follows: ‘(1) Argument in brief reciting matters not disclosed by the record cannot be considered on appeal. (2) The record cannot be impeached on appeal by statements in brief, by affidavits, or by other evidence not appearing in the record.’
 
 Id.”).
 

 Before us, the defendants argue, as they did in the trial court, that Small-wood failed to meet his burden of proving that they had sufficient contacts with Alabama to subject them to in personam jurisdiction in Alabama because, they say, he did not prove that there had been “ ‘some act by which the defendants] [had] purposefully avail[ed themselves] of the privilege of conducting activities within [Alabama], thus invoking the privileges and protections of its laws,’ ”
 
 Ex parte Georgia Earn Bureau Mut. Auto. Ins.
 
 
 *1025
 

 Co.,
 
 889 So.2d at 551 (quoting
 
 Burger King,
 
 471 U.S. at 475, 105 S.Ct. 2174). Smallwood, on the other hand, argues that the sale of the Crown Victoria to Small-wood, by itself, establishes that the defendants purposefully availed themselves of the privilege of conducting activities in Alabama. The defendants counter by arguing that the single sale of the Crown Victoria to Smallwood does not establish that they purposely availed themselves of the privilege of conducting activities in Alabama because, they say, Smallwood initiated the sale; their only contacts with Alabama were by telephone and mail; and, although they arranged for the shipment of the Crown Victoria to Smallwood at his request, Smallwood bore the shipping costs and the risk of loss while the Crown Victoria was in transit.
 

 “ ‘ “ ‘The writ of mandamus is a drastic and extraordinary writ, to be “issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.”
 
 Ex parte United Serv. Stations, Inc.,
 
 628 So.2d 501, 503 (Ala.1993); see also
 
 Ex parte Ziglar,
 
 669 So.2d 133, 134 (Ala.1995).’
 
 Ex parte Carter,
 
 [807 So.2d 534,] 536 [ (Ala.2001) ].”
 

 “
 
 ‘Ex parte McWilliams,
 
 812 So.2d 318, 321 (Ala.2001). “An appellate court considers de novo a trial court’s judgment on a party’s motion to dismiss for lack of personal jurisdiction.”
 
 Elliott v. Van Kleef,
 
 830 So.2d 726, 729 (Ala.2002).
 

 “ ““ “In considering a Rule 12(b)(2), Ala. R. Civ. P., motion to dismiss for want of personal jurisdiction, a court must consider as true the allegations of the plaintiffs complaint not controverted by the defendant’s affidavits,
 
 Robinson v. Giarmarco & Bill, P.C.,
 
 74 F.3d 253 (11th Cir.1996), and
 
 Cable/Home Communication Corp. v. Netiuork Productions, Inc.,
 
 902 F.2d 829 (11th Cir.1990), and hvhere the plaintiffs complaint and the defendant’s affidavits conflict, the ... court must construe all reasonable inferences in favor of the plaintiff.’
 
 Robinson,
 
 74 F.3d at 255 (quoting
 
 Madam v. Hall,
 
 916 F.2d 1510, 1514 (11th Cir.1990)).” ’
 

 “ ‘
 
 “Wenger Tree Serv. v. Royal Truck & Equip., Inc.,
 
 853 So.2d 888, 894 (Ala.2002) (quoting
 
 Ex parte Mclnnis, 820
 
 So.2d 795, 798 (Ala.2001)). However, if the defendant makes a prima facie evidentiary showing that the Court has no personal jurisdiction, ‘the plaintiff is then required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and he may not merely reiterate the factual allegations in the complaint.’
 
 Mercantile Capital, LP v. Federal Transtel, Inc.,
 
 193 F.Supp.2d 1243, 1247 (N.D.Ala. 2002) (citing
 
 Future Tech. Today, Inc. v. OSF Healthcare Sys.,
 
 218 F.3d 1247, 1249 (11th Cir.2000)). See also
 
 Hansen v. Neumueller GmbH,
 
 163 F.R.D. 471, 474-75 (D.Del.1995) (‘When a defendant flies a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2), and supports that motion with affidavits, plaintiff is required to controvert those affidavits with his own affidavits or other competent evidence in order to survive the motion.’) (citing
 
 Time Share Vacation Club v. Atlantic Resorts, Ltd.,
 
 735 F.2d 61, 63 (3d Cir.1984)).”
 

 “
 
 ‘Ex parte Covington Pike Dodge, Inc.,
 
 904 So.2d 226, 229-30 (Ala.2004).’ ”
 

 
 *1026
 

 Ex parte Duck Boo Int’l Co.,
 
 985 So.2d 900, 905-06 (Ala.2007) (quoting
 
 Ex parte Buflcin,
 
 936 So.2d 1042, 1044-45 (Ala. 2006)).
 

 “Jurisdiction is obtained over out-of-state defendants pursuant to the ‘long-arm ’ rule, Ala. R. Civ. P. 4.2(a)(2)(A)-(I). Recently, we explained:
 

 “‘ “A physical presence in Alabama is not a prerequisite to personal jurisdiction over a nonresident.”
 
 Sieber v. Campbell,
 
 810 So.2d 641, 644 (Ala. 2001). What
 
 is
 
 required, however, is that the defendant have such contacts with Alabama that it “ ‘should reasonably anticipate being haled into court [here].’ ”
 
 Dillon Equities v. Palmer & Cay, Inc., 501
 
 So.2d 459, 462 (Ala. 1986) (quoting
 
 Woridr-Wide Volkswagen Corp. v. Woodson,
 
 444 U.S. 286, 297,100 S.Ct. 559, 62 L.Ed.2d 490 (1980)).
 

 “ ‘Depending on the quality and quantity of the contacts, jurisdiction may be either general or specific.
 
 Leventhal v. Harrelson,
 
 728 So.2d 566, 569 (Ala.1998). “General jurisdiction applies where a defendant’s activities in the forum state are ‘substantial’ or ‘continuous and systematic,’ regardless of whether those activities gave rise to the lawsuit .... A court has specific jurisdiction when a defendant has had few contacts with the forum state, but those contacts gave rise to the lawsuit.”
 
 Id.
 

 “ ‘But regardless of whether jurisdiction is alleged to be general or specific, the nexus between the defendant and the forum state must arise out of “ ‘an
 
 action of the defendant [that was] purposefully directed toward the forum State.’
 
 ”
 
 Elliott
 
 [
 
 v. Van Kleef],
 
 830 So.2d [726] at 731 [ (Ala.2002) ] (quoting
 
 Asahi Metal Indus. Co. v. Superior Court of California,
 
 480 U.S. 102, 112, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987)). “This purposeful-availment requirement assures that a defendant will not be haled into a jurisdiction as a result of ‘ “the unilateral activity of another person or a third person.” ’ ”
 
 Elliott,
 
 830 So.2d at 731 (quoting
 
 Burger King Corp. v. Rudzewicz,
 
 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).’
 

 “Ex parte Dill
 
 [,
 
 Dill, Carr, Stonbraker & Hutchings,
 
 P.C.], 866 So.2d [519] at 525 [ (Ala.2003) ].
 

 “ ‘When
 
 specific
 
 jurisdiction is the basis for adjudication of claims against an out-of-state defendant, due process requires “a clear, firm nexus between the acts of the defendant and the consequences complained of in order to establish the necessary contacts.” ’
 
 Ex parte Dill,
 
 866 So.2d at 531-532 (quoting
 
 Duke v. Young,
 
 496 So.2d 37, 39 (Ala.1986)).
 

 “Specific jurisdiction ‘is authorized by Rule 4.2(a)(2)(I), the “catch-all provision” of Alabama’s long-arm rule. See Jerome Hoffman & Sandra Guin,
 
 Alabama Civil Procedure
 
 § 2.48 (1990).’
 
 Ex parte Dill,
 
 866 So.2d at 531. Rule 4.2(a)(2)(I) provides:
 

 “ ‘A person has sufficient ’ contacts with the state when that person, acting directly or by agent, is or may be legally responsible as a consequence of that person’s
 

 “ ‘(I) otherwise [than the circumstances listed in A-H] having some minimum contacts with this state and, under the circumstances, it is fair and reasonable to require the person to come to this state to defend an action. The minimum contacts referred to in this subdivision (I) shall be deemed sufficient, notwithstanding a failure to
 
 *1027
 
 satisfy the requirement of subdivisions (A)-(H) of this subsection (2), so long as the prosecution of the action against a person in this state is not inconsistent with the constitution of this state or the Constitution of the United States.’
 

 “ ‘Subsection (I) “extends the jurisdiction of this state’s courts to the permissible limits of due process.”
 
 Martin v. Robbins,
 
 628 So.2d 614, 617 (Ala.1993).’
 
 Ex parte Dill,
 
 866 So.2d at 531. If the exercise of personal jurisdiction would offend the due-process requirements of Rule 4.2(a)(2)(I), it may not be exercised under Rule 4.2(a)(2)(A)-(E).
 
 Ex parte Dill,
 
 866 So.2d at 525.
 

 [[Image here]]
 

 “Of particular relevance is whether the
 
 plaintiff initiated
 
 the sale or contact. See
 
 Madison Consulting Group v. South Carolina,
 
 752 F.2d 1193 (7th Cir. 1985);
 
 CBP Res., Inc. v. Ingredient Res. Corp.,
 
 954 F.Supp. 1106 (M.D.N.C.1996);
 
 Regent Lighting Corp. v. American Lighting Concept, Inc.,
 
 25 F.Supp.2d 705 (M.D.N.C.1997) (‘the contacts to be considered for purposes of personal jurisdiction are those actually generated by Defendants, not those created by the unilateral acts of Plaintiff);
 
 Wells American Corp. v. Sunshine Electronics,
 
 717 F.Supp. 1121, 1123 (D.S.C.1989);
 
 American Stair Corp. v. Renata Constr. Co.,
 
 625 F.Supp. 136 (N.D.Ill.1985).
 

 “Thus, something more than an isolated contact initiated by an in-state plaintiff is required to satisfy the ‘purposeful-availment’ prong of the due-process analysis. ‘Something more’ might involve ‘prior negotiations and
 
 contemplated future consequences,
 
 along with ... the parties’ actual course of dealing.’
 
 Burger King Corp. v. Rudzewicz,
 
 471 U.S. 462, 463,105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (emphasis added). ‘Something more’ might be found ‘where the defendant “deliberately” has engaged in significant activities within [Alabama] ... or has created
 
 “continuing obligations
 
 ” between himself and residents of [Alabama].’ 471 U.S. at 475-76, 105 S.Ct. 2174 (emphasis added).
 

 [[Image here]]
 

 “This Court has stated that ‘ “evidence of mere placement of advertisements in nationally distributed paper[s] or journals does not rise to the level of purposeful contact with a forum required by the Constitution in order to exercise personal jurisdiction over the advertiser.” ’
 
 Elliott v. Van Kleef
 
 830 So.2d 726, 732 (Ala.2002) (quoting
 
 Federated Rural Elec. Ins. Co. v. Kootenai Elec. Coop.,
 
 17 F.3d 1302, 1305 (10th Cir.1994)). In such a case, the advertiser ‘cannot be said to have purposefully directed his listing specifically at one state.’
 
 Elliott,
 
 830 So.2d at 732.
 

 “ ‘Internet advertising over a web site falls under the same rubric as advertising in a national publication.’ Christopher E. Friel, Notes and Comments,
 
 Downloading a Defendant: Is Categorizing Internet Contacts a Departure from the Minimum Contacts Test?
 
 4 Roger Williams U.L.Rev. 293, 308 (1998). This is especially true where the Web site is ‘passive,’ that is, where the site serves ‘as little more than an electronic billboard for the posting of information.’
 
 Butler v. Beer Across America,
 
 83 F.Supp.2d [1261] at 1268 [ (N.D.Ala.2000) ].”
 

 Ex parte Troncalli Chrysler Plymouth Dodge, Inc.,
 
 876 So.2d 459, 463-65 (Ala. 2003).
 

 Applying the foregoing principles of law to the case now before us, we note that Harrison’s affidavit established that the defendants’ advertisement of the Crown Victoria on the “Ebay Motors” Web
 
 *1028
 
 site did not constitute a purposeful contact with Alabama because, like an advertisement placed in a nationally delivered newspaper or journal, it was not directed at Alabama specifically and the advertisement was passive in nature. Moreover, Harrison’s affidavit established that the sale of the Crown Victoria to Smallwood was a single, isolated contact with a resident of Alabama that was initiated by the Alabama resident rather than the defendants. Harrison’s affidavit also established that the defendants’ contact with Alabama was only by telephone and mail. Finally, Harrison’s affidavit established that, although the defendants arranged for the shipment of the Crown Victoria to Alabama, they did so at Smallwood’s request, and Smallwood bore the shipping costs and the risk of loss while the Crown Victoria was in transit. Accordingly, based on the principles of law recited above, we conclude that Harrison’s affidavit made a prima facie showing that the defendants had not purposefully availed themselves of the privilege of conducting activities within Alabama and, therefore, that they have not had the minimum contacts necessary to subject them to in per-sonam jurisdiction in Alabama.
 
 See Ex parte Tronealli,
 
 supra.
 

 The prima facie showing made by Harrison’s affidavit shifted to Smallwood the burden of proving by affidavits or other competent evidence that the defendants had purposefully availed themselves of the privilege of conducting activities within Alabama.
 
 See Ex parte Duck Boo,
 
 supra. However, Smallwood did not submit any affidavits or other evidence to rebut the prima facie showing made by the defendants. Consequently, we conclude that the trial court erred in denying the defendants’ motion to dismiss the action for lack of in personam jurisdiction.
 
 See Ex parte Duck Boo
 
 and
 
 Ex parte Tronealli.
 
 The defendants’ petition for a writ of mandamus is, therefore, granted. The trial court is ordered to vacate its order denying the defendants’ motion to dismiss and to enter an order dismissing the action against the defendants.
 

 PETITION GRANTED; WRIT ISSUED.
 

 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.