PARKER, Justice.
Green Tree Financial Corporation a/k/a Conseco Financial Corporation (hereinafter referred to as “Green Tree”) petitions this Court for a writ of mandamus directing the Hale Circuit Court to vacate its order denying Green Tree’s motion to transfer the action against it and others to Tuscaloosa County. For reasons discussed below, we grant the petition and issue the writ.
According to the complaint filed in the trial court on May 30, 2008, Carla McKenzie, allegedly an agent of Southeastern Mobile Home Brokers, Inc. (hereinafter referred to as “Southeastern”), and/or Green Tree, entered Kathy Adams’s mobile home in Cottondale, which is in Tuscaloosa County, without legal authority and assaulted Adams while in the mobile home. Adams sued Green Tree, Southeastern, and McKenzie in Hale County claiming that she had been injured physically as the result of McKenzie’s alleged assault and that her mobile home had been damaged, all the result of McKenzie’s acts that, Adams claimed, had been directed by Green Tree and Southeastern.
Green Tree answered the complaint on July 2, 2008, with a “suggestion of bankruptcy, motion to dismiss or, alternatively, motion to transfer venue,” advising the trial court that “Green Tree Financial Corp., a/k/a Conseco Financial Corp. filed for Chapter 11 bankruptcy protection on December 17, 2002, in the United States Bankruptcy Court for the Northern District of Illinois, and was liquidated in that proceeding.” Petition, Exh. M, at 1. Green Tree suggested that the case against it should be dismissed “due to the application of the various orders entered in connection with Green Tree’s bankruptcy proceeding.”[1] Id. Green Tree also argued that venue in Hale County was improper because, it stated, no defendant was a resident of, or did business in, Hale County, nor was the plaintiff a resident of Hale County. It noted that § 6-3-2, Ala. Code 1975, which applies to individuals like McKenzie, provides that
“venue is proper in the county where (1) the trespass occurred (Tuscaloosa County); (2) the defendant resides (Morgan County), or (3) the act or omission complained of occurred (Tuscaloosa County). See also [Ex parte Smith Wrecker Serv., Inc., 987 So.2d 534] (Ala.2007). The home is located in Tuscaloosa County, and therefore the trespass occurred *86 there. Similarly, all acts and omissions occurred in Tuscaloosa County. Finally, Defendant McKenzie resides in Morgan County. Accordingly, venue as to Defendant McKenzie is improper in Hale County, and proper in Tuscaloosa County.”
Petition, Exh. L, at 1. Likewise, Green Tree argued:
“4. As against the corporate defendants, under Alabama Code § 6-3-7, venue is proper in the county where (1) a substantial part of the events or omissions occurred (Tuscaloosa County), (2) the county of the corporation’s principal office in Alabama is located (Morgan County — Southeastern Mobile Home Brokers; none for Green Tree), and (3) the county where the plaintiff resided (Tuscaloosa County). Here, venue is improper in Hale County, and proper in Tuscaloosa County, because the substantial part of the events occurred in Tuscaloosa County (i.e., the trespass, and breaking and entering), none of the defendants maintain a principal office in Hale County, and the Plaintiff resides in Tuscaloosa County.
[[Image here]]
“6. In addition, the interest of justice is best served by transferring this case to Tuscaloosa County. The interest of justice requires transfer of an action from a county with little, if any, connection to the action, to the county with a strong connection to the action. See Ex parte Sasser, 730 So.2d 604 (Ala.1999) (transferring motor vehicle accident case to county in which the accident occurred); Ex parte Safeway Ins. Co., 947 So.2d 380 (Ala.2006) (same); Ex parte Fuller, 955 So.2d 414 (Ala.2006) (same). Here, Hale County has little, if any, connection to this action, especially when compared to Tuscaloosa County which is the location of the home, the incident, the witnesses, the plaintiff and the pertinent medical care. For these reasons and others, the interest of justice requires transfer of this action.
“7. This Defendant also asserts application of the applicable statute of limitations.
“WHEREFORE, Green Tree respectfully requests this action be dismissed, or transferred to the Circuit Court of Tuscaloosa County, Alabama.”
Petition, Exh. M, at 2-3.
On December 12, 2008, the trial court placed the case on the administrative docket pending further orders of the court, and on December 30, 2008, Green Tree filed an amended “suggestion of bankruptcy, motion to dismiss or, in the alternative, to transfer venue and request for oral argument.” In its amended filing, Green Tree reiterated its status as having been liquidated in 2003 and noted that it had ceased any contacts that it had had with Alabama when it ceased doing business upon its liquidation. Further, citing Ex parte Phil Owens Used Cars, Inc., 4 So.3d 418 (Ala.2008), and Ex parte Harrison, 7 So.3d 1020 (Ala.Civ.App.2008), Green Tree asserted that, “[a]t the time of the filing of the suit, the Alabama State Courts no longer had personal jurisdiction over Defendant Green Tree.” Petition, Exh. E, at 1. Green Tree then stated:
“Currently, this matter has been placed on the Administrative Docket in the Circuit Court of Hale County, Alabama. Defendant Green Tree contends it should be dismissed from this action; or, alternatively, the case should be transferred to the Circuit Court of Tuscaloosa, Alabama, to be placed on an Administrative Docket of that Court, due to Circuit Court of Tuscaloosa County being the Court with proper venue. See, e.g., Ex parte Monsanto Co., 794 So.2d 350, 355-356 (Ala.2001) (directing the *87 trial court ‘to dispose of the motion for a change of venue as the first order of business.’); Ex parte Haynes, 924 So.2d 687, 691 (Ala.2005); Ex parte State Farm Mutual, 893 So.2d 1111, 1115 (Ala.2004); Ex parte Pratt, 815 So.2d 532, 534 (Ala.2001); Ex parte Overstreet, 748 So.2d 194, 196 (Ala.1999); Hales v. ProEquities, Inc., 885 So.2d 100 (Ala.2003).
“The Circuit Court of Hale County, Alabama is an improper venue for this matter and Defendant Green Tree respectfully requests that this matter be set for a hearing in order for the Court to hear oral arguments on the issue of venue.”
Id., at 2. In its brief in support of the amended filing, Green Tree, citing references to exhibits, provided the trial court with the following “summary of pertinent facts”:
• “Plaintiff Kathy Adams ... currently and at the time of the alleged incident made basis of this lawsuit ... resides at_Hurricane Road, Lot 61, Cottondale, Alabama and is a resident of Tuscaloosa County.... Plaintiff Adams does not now reside, nor in the previous three (3) years resided, in Hale County, Alabama.
• “On the date of the alleged incident, the home allegedly damaged was located in Tuscaloosa County, Alabama.... The home is not, nor has it ever been, located in Hale County, Alabama.
• “The alleged incident occurred on or about June 3, 2006, when Defendant Carla McKenzie ... allegedly went to the incorrect mobile home to assess it for Defendant Southeastern Mobile Home Brokers ... potential purchasing of the mobile home.
• “As a result of the alleged incident, Plaintiff Adams filed a complaint on May 30, 2008, in the Circuit Court of Hale County, Alabama, pleading breaking and entering, wantonness and recklessness, negligence, and assault and battery.
• “The Tuscaloosa Sheriffs Department investigated the alleged incident.
• “The alleged medical treatment sought by Plaintiff Adams as a result of the alleged incident was from medical care providers located in Tuscaloosa County, Alabama.
• “Defendant McKenzie does not now, nor has she ever resided in Hale County, Alabama, and she was served notice of this matter in Morgan County, Alabama. Furthermore, the Complaint of Plaintiff Adams alleges that Defendant McKenzie works for Defendant [Southeastern Mobile Home Brokers] in Decatur, Alabama.
• “Defendant [Southeastern Mobile Home Brokers] principal place of business in Alabama is located in Morgan County, Alabama[;] it does not maintain a principal office in Hale County, Alabama, and was served notice of this matter at its principal place of business in Morgan County, Alabama.
• “At the time of the incident, Defendant Green Tree did not do any business in Hale County, Alabama, due to that entity being liquidated in 2002 during a Chapter 11 bankruptcy proceeding where all assets were sold by the bankruptcy court in 2003 and that company ceased doing business at that time.
• “Defendant Green Tree did not do business in the State of Alabama or in Hale County, Alabama, on May 30, 2008, when this lawsuit was filed or on June 3, 2006, when the incident allegedly took place.... On June 3, 2006 and on May 30, 2008, there were no purchasers of the ownership or the assets of Conseco Financial Corp.-AL *88 that had offices, employees or agents that were based or located in Hale County, Alabama.... Defendant Green Tree does not maintain a business office or have employees or agents in Hale County, Alabama.... Defendant Green Tree does not have its principal place of business located in Hale County, Alabama.”
Petition, Exh. F, at 2-3.
On June 8, 2009, Adams moved the trial court to amend her complaint by adding as defendants Green Tree Servicing, L.L.C., an Alabama limited liability company based in Minnesota, which was allegedly doing business in Alabama, and Green Tree-AL, L.L.C., an Alabama limited liability company doing business in Alabama. Both entities shared the Minnesota address at 345 St. Peter Street, Saint Paul, MN 55102.
The trial court held a hearing on the pending motions on August 18, 2009. Green Tree argued that caselaw requires that the issue of venue be determined first, citing Hales v. ProEquities, Inc., 885 So.2d 100, 106 (Ala.2003) (quoting Thompson v. Skipper Real Estate Co., 729 So.2d 287, 292 (Ala.1999)), for the proposition that “ ‘[a] defendant has the right to have the proper venue established before it has any obligation to move to compel arbitration’ ’’(emphasis omitted).
On September 25, 2009, the trial court denied Green Tree’s motion to transfer the case, saying only: “THIS MATTER IS BEFORE THE COURT ON A MOTION TO TRANSFER VENUE AND HAVING CONSIDERED THE SAME, IT IS ORDERED, ADJUDGED AND DECREED SAID MOTION IS DENIED.” Petition, Exh. C (capitalization in original).

Standard of Review

‘““The question of proper venue for an action is determined at the commencement of the action.” Ex parte Pratt, 815 So.2d 532, 534 (Ala.2001). “If venue is not proper at the commencement of an action, then, upon motion of the defendant, the action must be transferred to a court where venue would be proper.” Ex parte Overstreet, 748 So.2d 194, 196 (Ala.1999). “A petition for a writ of mandamus is the appropriate means for challenging a trial court’s refusal to transfer an action and such a petition is due to be granted if the petitioner makes a clear showing of error on the part of the trial court.” Ex parte Alabama Power Co., 640 So.2d 921, 922 (Ala.1994). “In considering a mandamus petition, we must look at only those facts before the trial court.” Ex parte American Res. Ins. Co., 663 So.2d 932, 936 (Ala.1995).’
“Ex parte Walter Indus., Inc., 879 So.2d 547, 548-49 (Ala.2003). The petitioner for the writ of mandamus has the additional burden of showing
“ ‘ “ ‘(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ ” ’
“Ex parte Crawford Broad. Co., 904 So.2d 221, 224 (Ala.2004) (quoting Ex parte Perfection Siding, Inc., 882 So.2d 307, 309-10 (Ala.2003) (quoting in turn Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995))).”
Ex parte Haynes. Downard Andra & Jones, LLP, 924 So.2d 687, 691 (Ala.2005).

Analysis

Green Tree’s petition relies on §§ 6-3-2, 6-3-7, and 6-3-21.1, Ala.Code 1975, and Rule 82(d)(1), Ala. R. Civ. P., to argue that, under the circumstances of this case, venue cannot properly be laid in Hale County.
*89 Adams argues that the petition should not be granted because, she says, Green Tree has another legal remedy that precludes issuance of the writ. Although Adams claims that Green Tree has an alternative to mandamus relief, she has failed to so demonstrate that another adequate remedy exists.
Adams also argues that all Green Tree’s arguments on behalf of the other named defendants are moot because those defendants did not join in the petition for the writ of mandamus. Green Tree, however, has not asserted a desire to argue on behalf of the other defendants. Because venue, under certain circumstances, will be proper against all joined defendants if it is proper against one defendant, see Rule 82(b)(1)(A),[2] and 82(c),[3] Ala. R. Civ. P., it is necessary for Green Tree to challenge the validity of venue laid in Hale County for all defendants. Thus, Green Tree’s arguments on behalf of the other defendants are not moot.
Looking, as we must, only to those facts before the trial court, Ex parte Movie Gallery, Inc., 81 So.3d 104, 109 (Ala.2009), and recognizing that proper venue is determined at the commencement of an action, Ex parte Chapman Nursing Home, Inc., 903 So.2d 818, 815-16 (Ala.2004), and not after additional parties have been joined to possibly repair a mislaid venue, it is obvious that Green Tree’s motions to the trial court properly referenced the governing statutory authority that defines a proper venue, §§ 6-3-2, 6-3-7, and 6-3-21.1, Ala.Code 1975. It is also obvious that Adams provided no persuasive rebuttal to Green Tree’s motions for a transfer of the action to Tuscaloosa County, where Adams, the plaintiff, resided and where the events transpired. The acts complained of, i.e., the alleged trespass and assault, did not occur in Hale County. The individual defendant does not reside in Hale County, and no corporate defendant maintains a principal office, employees, or agents in Hale County. The allegedly damaged property is not located in Hale County, and the plaintiff does not reside in Hale County. Considering these facts and absent evidence to the contrary, we hold that when this action was commenced venue lay in the wrong county, and the trial court erred in denying Green Tree’s motion for a transfer of the case to Tuscaloosa County, a proper venue, from Hale County, an improper venue.
PETITION GRANTED; WRIT ISSUED.
COBB, C.J., concurs.
WOODALL, SMITH, and SHAW, JJ., concur in the result.

. The jurisdictional issues resulting from the suggestion of bankruptcy are not considered here because the petition for a writ of mandamus addresses only the Hale Circuit Court’s denial of Green Tree's motion to transfer the action to Tuscaloosa County.

. Rule 82(b)(1)(A) provides:
"Actions against an individual or individuals having a permanent residence in this state:
"(A) Must be brought in the county where the defendant or any material defendant resides at the commencement of the action, except that if the action is a personal action other than an action on a contract, it may be brought either in the county where the act or omission complained of occurred, or in the county of the permanent residence of the defendant or one of them."
(Emphasis added.)

. Rule 82(c) provides:
"Where several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought. Whenever an action has been commenced in a proper county, additional claims and parties may be joined, pursuant to Rules 13, 14, 22, and 24, as ancillary thereto, without regard to whether that county would be a proper venue for an independent action on such claims or against such parties.”